UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:

SHANE SAWMILLER,

    Plaintiff,

v.

LOWE'S HOME CENTERS, LLC, a Foreign
Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR A JURY TRIAL

Plaintiff, SHANE SAWMILLER ("Mr. Sawmiller" or "Plaintiff") files this Complaint against Defendant, LOWE'S HOME CENTERS, LLC ("LHC" and/or "Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), Chapter 760 of the Florida Civil Rights Act ("FCRA"), to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION, VENUE, AND PARTIES

2. This Court has original jurisdiction over Plaintiff's ADA claims and supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances.

3. At all times relevant hereto, Plaintiff was an employee of Defendant.

4. Plaintiff worked for Defendant, a Foreign Limited Liability Company, in Lee County, Florida, and this venue is therefore proper and within the jurisdiction of the Court.

5. Plaintiff is a disabled male. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because:

   a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of his disability or "perceived disability" by Defendant; and

   b. Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of his disability or "perceived disability."

6. Defendant was at all times an "employer" as envisioned by the ADA as well as the FCRA.

## CONDITIONS PRECEDENT

7. On or around September 29, 2021, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation against Defendant.

8. On August 2, 2022, Plaintiff received the EEOC's Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

9. Plaintiff timely files this action within the applicable period of limitations against Defendant.

10. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

11. Mr. Sawmiller was hired as a Store Manager to work at Lowe's Home Improvement LLC, in Cape Coral, Florida.

12. Mr. Sawmiller worked for the Defendant from February 18, 2008, through January 4, 2021.

13. During Plaintiff's employ, he was an excellent and reliable employee. He also had no significant history of non-medical attendance, tardiness, or disciplinary issues.

14. During the Fall of 2020, Mr. Sawmiller experienced symptoms of disabilities and serious health conditions, specifically, stress, anxiety, and hypertension.

15. On December 4, 2020, Mr. Sawmiller's disabilities and serious health conditions flared up and was advised by his treating physician that he take a leave of absence in order to treat and address his disabilities and serious health conditions.

16. On January 1, 2021, Mr. Sawmiller's District Manager and a Lowe's Human Resources Representative reached out to Mr. Sawmiller and demanded that he return to work by January 4, 2021.

17. Out of an abundance of caution and professionalism, Mr. Sawmiller kept his Lowe's District Manager informed about what was happening as he experienced the flare-up of his disabilities and serious health conditions.

18. On January 2, 2021, Mr. Sawmiller reported back to work.

19. On January 4, 2021, Mr. Sawmiller was confronted by his District Manager and a Lowe's Asset Protection Manager. At that time, Mr. Sawmiller was advised by his District Manager that the Defendant decided to terminate Plaintiff.

20. The Defendant offered no cogent explanation for taking this extreme adverse employment action against Mr. Sawmiller.

21. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

22. In reality, Defendant's termination of Mr. Sawmiller, stemmed from Defendant's discriminatory animus toward Plaintiff's discrimination

23. Such a discriminatory, and retaliatory termination is exactly the type of adverse employment action that the ADA and FCRA were intended to prevent.

24. Any reason provided by Defendant for its actions is a pretext.

25. The facts and temporal proximity surrounding Plaintiff's termination create a strong inference of disability discrimination in violation of the ADA/FCRA and retaliation.

26. Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for reasonable accommodation.

27. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of his job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

28. Mr. Sawmiller is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of his as job duties and responsibilities.

29. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

30. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

31. Defendant, however, being aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for requesting reasonable accommodation, and for objecting to disability discrimination.

32. In short, despite the availability of reasonable accommodation under the ADA and FCRA, Defendant discriminated against Mr. Sawmiller based solely upon his disability.

33. At all times material hereto, Plaintiff was ready, willing and able to perform his job duties and otherwise qualified for his position, with "reasonable accommodation."

34. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with reasonable accommodation.

35. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

36. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

37. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

38. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment. Therefore, he is protected class member as envisioned by the ADA and the FCRA.

39. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability."

40. Defendant did not have a good faith basis for its actions.

41. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

42. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent his in the above referenced litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

43. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 43, above.

44. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

45. The discrimination to which Plaintiff was subjected was based on his disabilities and/or "perceived disabilities."

46. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

47. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

48.   The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

49.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT II
### DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

50.   Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 43, above.

51.   The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

52.   The discrimination to which Plaintiff was subjected was based on his disabilities/handicaps, or "perceived disabilities."

53.   The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation,

inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

54. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

55. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

56. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT III
## RETALIATION UNDER THE ADA BASED ON DISABILITY

57. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 43, above.

58. Plaintiff was terminated within close temporal proximity of his objections to Defendant that he felt she was being discriminated against based on his disability, and his request for reasonable accommodation.

59. Plaintiff's objections, and request for reasonable accommodation,

constituted protected activity under the ADA.

60. Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be disability discrimination, and his request for reasonable accommodation.

61. Plaintiff's protected activity, and his termination, are causally related.

62. Defendant's stated reasons for Plaintiff's termination are a pretext.

63. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

64. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

65. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

66. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and

attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON DISABILITY

67. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 43, above.

68. Plaintiff was terminated within close temporal proximity of his objections to Defendant that he felt he was being discriminated against based on his disability, and his request for reasonable accommodation.

69. Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the FCRA.

70. Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be disability discrimination, and his request for reasonable accommodation.

71. Plaintiff's protected activity, and his termination, are ca0109usally related.

72. Defendant's stated reasons for Plaintiff's termination are a pretext.

73. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

74. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

75. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

76. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 23rd day of September, 2022.

Respectfully submitted,

By: */s/ Noah Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com